**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARK A. REGNIER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MORTGAGE INVESTORS** )<br>**CORPORATION a/k/a AMERIGROUP** )<br>**MORTGAGE CORPORATION,** )<br>)<br>**Defendants.** )<br>_____ ) | Case No. 06-1082-JTM |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motions to compel and sanctions (Doc. 24 & 31). The court's rulings are set forth below.[1]

**Background**

This lawsuit seeks damages for (1) breach of contract, (2) promissory estoppel/detrimental reliance, and (3) fraud. Highly summarized, plaintiff alleges that he was employed by defendant in February 2004 to work as a loan officer in its Wichita, Kansas office and relocated to Chicago in January 2005 based on defendant's promise of a

---

[1] While the parties have requested oral argument, the court finds that oral argument would not be of material assistance.

promotion and continued employment. However, in April 2005, plaintiff was terminated because the Chicago office closed. Plaintiff alleges that he has since learned that defendant made the decision to close the Chicago office in November 2005, *before* defendant persuaded him to relocate to Chicago.

### Plaintiff's First and Second Motion to Compel (Doc. 24 & 31)

After plaintiff filed his first motion to compel, defendant supplemented its answers to 16 of the interrogatories and supplemented its responses to three of plaintiff's production requests. Similarly, defendant responded to plaintiff's second request for production of documents after plaintiff filed a second motion to compel. Because defendant has now produced all available documents and answered the interrogatories, the request to compel production is MOOT. However, the issue of whether fees and expenses should be imposed under Fed. R. Civ. 37 remains. For the reasons set forth below, the court declines to award fees and expenses.

Fed. Rule Civ. 37(a)(4)(A) provides:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's disclosure, response, or objection was substantially justified, or that **other circumstances make an award of expenses unjust.** (Emphasis added).

The court is persuaded that "other circumstance make an award of expenses unjust" in this case. Specifically, defendant's business of refinancing VA mortgages has literally disappeared because of increases in interest rates. During its peak operations, defendant had several hundred employees in the field; however, by December 1, 2006, defendant had only two small call centers with fewer than 100 employees. The two call centers were closed December 31, 2006 and defendant now has only 12 employees at its corporate office.[2] Wes Bailey, defendant's general counsel had few, if any, resources to assist him in locating and retrieving the documents and information requested by plaintiff. However, he ultimately was able to provide responsive information. Moreover, defendant has been candid with the court and plaintiff's counsel as this discovery dispute unfolded concerning defendant's dire financial condition and lack of resources. Under the circumstances, an award of expenses would be unjust.

**IT IS THEREFORE ORDERED** that plaintiff's motions to compel information and documents **(Doc. 24 and 31)** are **MOOT.** Plaintiff's related requests for an award of fees and expenses pursuant to Rule 37 are **DENIED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been

---

[2] Three of the remaining twelve employees are working without compensation in an effort to keep the company solvent.

obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of March 2007.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge